IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

GEORGE BROWN, III,

          Plaintiff,

v.                                             Civil Action No. 3:14-cv-318-JAG

UNITED STATES OF AMERICA,

          Defendant.

## MEMORANDUM OPINION

This matter comes before the Court on the plaintiff's motion challenging the United States Attorney's certification of the case. (Dk. No. 3.) Pursuant to 28 U.S.C. § 2679(d), the Attorney General has the discretion to certify that a federal employee acted within the scope of his employment at the time of an alleged tortious act. Once certified, the Attorney General must remove the case to a federal district court and substitute the United States as the sole defendant. 28 U.S.C. § 2679(d). The case then proceeds under the Federal Torts Claim Act. *Id.*

The plaintiff, George Brown, III, originally filed this claim in state court against Reginald Bell, a federal employee at the Norfolk Naval Shipyard. The United States Attorney certified that Bell's conduct occurred within his scope of employment and, accordingly, removed the case to the district court and substituted the United States as the sole defendant. Brown seeks to reinstate Bell as the defendant by asserting that Bell acted outside of his scope of employment. The Court denies the plaintiff's motion and upholds the United States Attorney's certification because the accident occurred within Bell's scope of employment.

## I. Facts

The parties do not dispute the underlying facts. Shortly before the end of his work hours and after finishing his work for the day, Bell drove a government vehicle from his worksite at the Norfolk Naval Shipyard to an on-site parking lot to carpool home in a personal vehicle. Bell had authority to use the government vehicle on the premises of the Shipyard, but he could not take the vehicle off-site. While on his way to return the government vehicle, his final work obligation before going home, Bell suffered from a stroke and subsequent seizure that left him disoriented. While disorientated, Bell hit a car on the premises of the Shipyard and, though prompted to stop by his supervisor, Bell drove onto the highway, and left the Shipyard in the government vehicle without authorization. His supervisor reached Bell by phone, but Bell responded incoherently. In Richmond, approximately two hours later, Bell caused three additional accidents, including the accident involving the plaintiff. When stopped by a police officer, Bell could not speak and the officer called for medical assistance. Medical professionals determined that Bell suffered a stroke. Bell does not recall anything from the time he left his worksite until he woke up in the hospital.

## II. Discussion

The Federal Torts Claim Act provides the sole remedy to a plaintiff for a tort claim against a federal employee acting within his scope of employment by substituting the United States as the defendant. 28 U.S.C. § 2679. The exclusive remedy against the United States protects the employee and the government agency from liability. 28 U.S.C. § 2676. On April 10, 2014, the United States Attorney certified that Mr. Bell's accidents occurred within the scope of his employment at the Norfolk Naval Shipyard. Once the Attorney General, or his agent, certifies the employee's scope of employment, the government removes the case to a district

court and that court substitutes the United States as the defendant under the FTCA. 28 U.S.C. § 2679(d).

Initially, "[t]he Attorney General's certification is conclusive unless challenged," however, "when the certification is challenged, it serves as prima facie evidence" that the government employed acted within his scope of employment. *Gutierrez de Martinez v. DEA*, 111 F.3d 1148, 1153 (4th Cir. 1997) (citations omitted). The burden then shifts "to the plaintiff to prove, by a preponderance of the evidence, that the defendant federal employee was acting outside the scope of his employment." *Id.* On review, "the district court should not defer to the Attorney General's certification, but should instead review the question de novo. . . . If the plaintiff does not come forward with any evidence, the certification is conclusive." *Id.* at 1154-55. Any evidence submitted by the plaintiff "must be specific evidence or the forecast of specific evidence that contradicts the Attorney General's certification decision, not mere conclusory allegations and speculation." *Id.* at 1155.

Virginia substantive law governs whether the government employee acted within his scope of employment for purposes of the FTCA. *See id.* at 1156 (citing *Williams v. United States*, 350 U.S. 857, 857 (1955)). In Virginia, an employee's action falls within the scope of employment if (1) it is incident to the business, (2) it is done while the employee was engaged upon the employer's business to further the employer's interests, and (3) it *does not* arise wholly from some external, independent, and personal motive. *See Sayles v. Piccadilly Cafeterias, Inc.*, 242 Va. 328, 332 (1991).

The plaintiff submitted three pieces of evidence to meet his burden of proof that Bell acted outside the scope of his employment: (1) a letter from the Department of the Navy denying the plaintiff's claim because Bell did not act within his scope of employment, (2) a letter from

the Department of the Navy confirming that Bell only had permission to operate the government vehicle on the premises of the Norfolk Naval Shipyard, and (3) Bell's deposition testimony. The evidence submitted by the plaintiff confirms that Bell suffered from a medical emergency while driving his government vehicle from his worksite to an on-site parking lot before leaving work for the day.

Bell's actions fell within his scope of employment. First, he attempted to return the vehicle incident to his employment responsibilities. Second, he acted to further the interests of his employer by returning the vehicle in compliance with his authorized use. Third, he attempted to return the vehicle to serve his employer, not to further any external, independent, or personal motive. The four accidents occurred while Bell attempted to accomplish his last work-related task for the day, which he never completed. That task, returning the government vehicle, fell within Bell's scope of employment.

### III. Conclusion

For the reasons stated above, the Court DENIES the plaintiff's motion challenging the certification under 28 U.S.C. § 2679(d). The case remains in this Court with the United States as the sole defendant.

The Court will enter an appropriate order.

Let the Clerk send a copy to all counsel of record.

Date: June 27, 2014
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

4